NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JULIUS OMENE FREDRICK, AKA Julius Towfredrick, | No. 25-4037 |
| Petitioner, | Agency No. A214-594-360 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 22, 2026
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Julius Omene Fredrick, a native and citizen of Nigeria, petitions

for review of the decision of the Board of Immigration Appeals (BIA) affirming

the denial by an immigration judge (IJ) of his application for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand for further proceedings.

Petitioner is openly gay. He entered the United States in 2016 and overstayed his visa. In 2023, Petitioner was convicted of conspiracy to launder money under 18 U.S.C. § 1956(h), with the amount of funds involved exceeding $10,000, and he was sentenced to 46 months in prison.

1. Petitioner contends the agency abused its discretion in finding that his conviction was a particularly serious crime (PSC). He claims the agency improperly looked to the nature of the offense before explicitly considering the elements of the crime. *See Bare v. Barr*, 975 F.3d 952, 961–62 (9th Cir. 2020) (citing *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007), *overruled in part on other grounds by Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013)). The agency analyzed whether Petitioner's conviction qualified as a PSC because he was sentenced to less than five years. *See* 8 U.S.C. § 1231(b)(3)(B). The record reflects that the agency first referred to facts that corresponded to the elements of Petitioner's offense, which are simple and straightforward, before assessing the other applicable factors and concluding that his crime was particularly serious. This was sufficient. *See Chmukh v. Garland*, 124 F.4th 670, 679 (9th Cir. 2024); *Bare*, 975 F.3d at 962–63. To the extent Petitioner challenges the agency's treatment of the facts and circumstances of his offense, his claim is

unexhausted.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (as amended); *Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc).  We uphold the agency's PSC determination that precluded Petitioner's asylum and withholding claims.

2. Petitioner also challenges the agency's denial of CAT relief.  He contends that substantial evidence does not support the agency's conclusion that the mistreatment he suffered in Nigeria was mere "bullying and a beating" that did not rise to the level of past torture.  We agree.  Petitioner was found credible, and his testimony of mistreatment on account of his sexual orientation included being drugged, beaten, and raped by four unknown armed men.  Such brutality qualifies as torture.  *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015).  Yet the agency did not mention the sexual assault when concluding the harm Petitioner suffered was no more than a beating and "bullying."  Because Nigeria criminalizes homosexual conduct on a nationwide basis, and the country conditions reports reflect the government's participation in mistreatment of gay individuals, government acquiescence is apparent on the record.  *See Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013); *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008).  The record similarly compels a finding of likely future torture.  *See Avendano-Hernandez*, 800 F.3d at 1080–82.

The petition for review is granted with respect to the CAT claim, and we

remand to the agency to order deferral of removal.  The petition is otherwise denied.

Petition **DENIED in part; GRANTED in part; and REMANDED**.